527 A.2d 634

David M. Barasch, Consumer Advocate, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 22, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Daniel Clearfield,* Assistant Consumer Advocate, with him, *David M. Barasch,* Consumer Advocate, for petitioner.

*Bohdan Pankiw,* Assistant Counsel, with him, *Daniel P. Delaney,* Deputy Chief Counsel, *John G. Alford,* Acting Chief Counsel, *Albert W. Johnson, III,* Deputy Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*Thomas L. Welch,* with him, *Daniel E. Monagle,* for intervenor, The Bell Telephone Company of Pennsylvania.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 26, 1987:

David Barasch, Consumer Advocate (Barasch), appeals that portion of a Pennsylvania Public Utility Commission (PUC) order permitting Bell Telephone Company of Pennsylvania (Bell) to recover approximately $1,200,000 in amortization expenses pursuant to its January 22, 1985, rate filing. Bell has intervened on the PUC's behalf. We vacate and remand.

Recently, in *Bell Telephone Co. of Pennsylvania v. Pennsylvania Public Utility Commission,* 105 Pa. Commonwealth Ct. 286, 524 A.2d 1009 (1987) *(Bell),* this Court reviewed Bell's March 29, 1983 rate filing and affirmed a PUC determination denying Bell's application to recover identical amortization expenses. The requested recoupment is associated with customer premises equipment (CPE) which was transferred to an AT&T subsidiary pursuant to the reorganization of the telephone industry.[1] The appeal presently before this Court involves the PUC's overruling of its prior determination made before our decision in *Bell* was filed.

Our scope of review of the instant appeal is limited to determining whether the PUC violated constitutional rights, committed an error of law, or made findings of fact that are not supported by substantial evidence. *Green v. Pennsylvania Public Utility Commission,* 81 Pa. Commonwealth Ct. 55, 473 A.2d 209 (1984), *aff'd sub nom. Barasch v. Pennsylvania Public Utility Commission,* 507 Pa. 430, 490 A.2d 806 (1985).

Barasch contends that the PUC's abrupt turnabout from its previous determination without any new facts or a change in the law must be reversed if the integrity and fairness of the administrative review process is to be maintained. The PUC and Bell maintain that the Commission has broad discretion and permissibly overruled its previous decision in accordance with *UGI Corp. v. Pennsylvania Public Utility Commission,* 49 Pa. Commonwealth Ct. 69, 410 A.2d 923 (1980) (disallowance of a previously authorized expense constitutes impermissible retroactive ratemaking and results in an unconstitutional confiscation).

---

[1] *See United States v. American Telephone & Telegraph Co.,* 552 F. Supp. 131 (1982), *aff'd sub nom. Maryland v. United States,* 460 U.S. 1001 (1983).

In our previous disposition of this issue in *Bell,* we stated:

> While we agree with Bell that if its costs were not recoverable, an impermissible confiscation would result, we do not believe that Bell is precluded from recovering the remainder of these amortized expenses.
>
> As noted by the OCA in its brief, the PUC denied Bell's ability to recover these amortized expenses only from customers no longer leasing CPE from Bell. Those customers continuing to rent CPE from Bell remain responsible for paying its amortized costs. Moreover, as the PUC and the OCA contend, Bell is free to petition the Federal Communications Commission or the United States District Court for compensation for CPE transferred to ATTIS as part of the AT&T antitrust settlement. Therefore, we hold that the PUC's reduction of one-time expenses for equipment no longer used by Bell ratepayers was not an error of law nor a violation of Bell's constitutional rights.

*Bell,* 105 Pa. Commonwealth Ct. at 293-294, 524 A.2d at 1013.

In the instant appeal, the PUC offered the following explanation of the inconsistent treatment of amortization expenses:

> While we are of the view that the Commission's disallowance in the proceeding at R-832316 was within its broad discretion with regard to the expense claim involved, in the context of this proceeding and the multitude of allowance and disallowances which we adopted, we were not convinced that adequate support for the adjustment was propounded and we chose not to effect the disallowance when initially considering this mat-

ter. The argument presented by the OCA have [sic] not persuaded us that that decision was unwise.

(PUC opinion, p. 63 (footnote omitted).)

Although this Court affords considerable deference to the PUC in matters within its expertise, we find the Board's explanation in this case insufficient to justify the complete reversal of its previous position. The record provides no change in facts or circumstances to support its decision. Therefore, in light of our Court's recent decision in *Bell,* tempered by our concern that Bell be properly compensated for validly incurred CPE expenses, we vacate the PUC's order to the extent it permits Bell to recover these amortization expenses. We remand to the PUC for further explanation or clarification regarding this apparent inconsistency.

## ORDER

The Pennsylvania Public Utility Commission order, No. R-842779 dated October 24, 1985, is vacated and this case is remanded for further explanation and clarification regarding the apparent inconsistent treatment accorded CPE amortization expenses.

Jurisdiction relinquished.